# IN THE UNITED STATE DISTRICT COURT OF OHIO
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID ANDERS | : | CASE NO.: 1:06-CV-00083 |
| Inmate # A496476 | : | |
| c/o Pickaway Correctional Institution, | : | Senior Judge S. Arthur Spiegel |
| P.O. Box 209 | : | |
| Orient, Ohio 43146 | : | |
| | : | |
| v. | : | |
| | : | |
| PATROLMAN GREGORY MEYERS | : | |
| c/o Monroe Police Department | : | |
| 233 South Main Street | : | |
| P.O. Box 330 | : | AMENDED COMPLAINT |
| Monroe, Ohio 45050-0330 | : | |
| | : | |
| PATROLMAN STEVE WINTERS | : | |
| c/o Middletown Police Department | : | |
| One Donham Plaza | : | |
| Middletown, Ohio 45042 | : | |
| | : | |
| PATROLMAN LARRY LINE | : | |
| c/o Monroe Police Department | : | |
| 233 South Main Street | : | |
| P.O. Box 330 | : | |
| Monroe, Ohio 45050-0330 | : | |
| | : | |
| MONROE POLICE DEPARTMENT | : | |
| 233 South Main Street | : | |
| P.O. Box 330 | : | |
| Monroe, Ohio 45050-0330 | : | |
| | : | |
| MIDDLETOWN POLICE DEPARTMENT | : | |
| One Donham Plaza | : | |
| Middletown, Ohio 45042 | : | |
| | : | |
| CITY OF MONROE | : | |
| 233 South Main Street | : | |
| P.O. Box 330 | : | |
| Monroe, Ohio 45050-0330 | : | |

| | |
|---|---|
| CITY OF MIDDLETOWN | : |
| One Donham Plaza | : |
| Middletown, Ohio 45042 | : |
| | : |
| DEFENDANTS | : |
| | : |

Now comes Plaintiff, David Anders, by and through counsel, and hereby states as follows for his Complaint:

**First Cause of Action**

1. Plaintiff, David Anders, at all relevant times was a resident of Xenia, Warren County, Ohio. Plaintiff Anders is currently incarcerated in the State of Ohio.

2. Defendants Gregory Myers and Larry Line are residents of the State of Ohio and at all relevant times of this action were duly appointed and acting State Police Officers employed by the City of Monroe of Ohio. As such, Defendants Myers and Line were duly appointed agents authorized to enforce the laws of Ohio, and were so acting under color of the law of Ohio at all times relevant to this action.

3. Defendant Steve Winters is a resident of the State of Ohio and at all relevant times of this action was duly appointed and acting State Police Officer employed by the City of Middletown of Ohio. As such, Defendant Winters was a duly appointed agent authorized to enforce the laws of Ohio, and was so acting under color of the law of Ohio at all times relevant to this action.

4. Defendant, Monroe Police Department, is, and at all relevant times mentioned was, the Police Department of Ohio.

5. Defendant, Middletown Police Department, is, and at all relevant times mentioned, was, the Department of Public Safety of Ohio.

6. On or about February 19, 2005, at approximately 11:26 a.m., Defendants Myers, Line, and Winters arrested the Defendant at 1510 Oxford State Road.

7. Prior to the Defendant's physical arrest, the Defendant laid down per officers' instructions with his arms spread out.

8. While the Defendant was lying down, Defendant Winters jumped onto the Defendant's back and Defendants Winters, Myers, and/or Line began striking the Defendant with either their fists, flashlights, tactical batons, or some other object in their possession and under their individual control.

9. As a result of the Defendant's contact with Plaintiff, the Plaintiff suffered injuries, including a laceration in the head requiring staples.

10. This Cause of Action is brought by Plaintiff against Defendants Myers, Line, and Winters for assault and battery.

11. As a direct and proximate result of the above-described illegal actions of Defendants Myers, Line, and Winters, including their excessive and unnecessary use of force, Plaintiff suffered severe physical injury, causing Plaintiff great bodily pain and mental anguish, incurred substantial medical and other expenses.

**Second Cause of Action**

12. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

13. This Cause of Action is brought by Plaintiff against Defendants Myers, Line, and Winters for their negligent and wrongful acts, including their negligent and careless handling of flashlights, tactical batons, or other blunt objects in their possession.

14. As a direct and proximate result of the above-described negligence of Defendants Myers, Line, and Winters, Plaintiff sustained severe physical injuries, causing Plaintiff great bodily pain and mental anguish, incurred substantial medical and other expenses.

### Third Cause of Action

15. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

16. This Cause of Action is brought by Plaintiff against Defendants Myers, Line, and Winters for their grossly negligent and reckless acts, including their excessive and unnecessary use of force.

17. As a direct and proximate result of the above-described gross negligence and recklessness of Defendants Myers, Line, and Winters, Plaintiff sustained severe physical injury, causing Plaintiff great bodily pain and mental anguish, and incurring substantial medical and other expenses.

### Fourth Cause of Action

18. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

19. This Cause of Action is brought against Defendants Myers, Line, and Winters for deprivation of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

20. The above-described actions subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and federal laws of the United States, including the due process clause of the Fourteenth Amendment to the United States Constitution, within the meaning of 42 U.S.C.A. § 1983.

21. As a direct and proximate result of the above-described unconstitutional acts of Defendants Myers, Line, and Winters, Plaintiff sustained severe physical injuries, causing him great bodily pain and mental anguish, and incurred substantial medical and other expenses.

**Fifth Cause of Action**

22. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

23. This Cause of Action is brought by Plaintiff against Defendant Monroe Police Department and Defendant Middletown Police Department, their agents, servants, employees, or other representatives, in hiring and failing to properly train Defendants Myers, Line, and Winters.

24. As a direct and proximate result of the above-described carelessness and negligence of Defendants Monroe Police Department and Middletown Police Department, Plaintiff sustained severe physical injuries, causing him great bodily pain and mental anguish, and incurred substantial medical and other expenses.

**Sixth Cause of Action**

25. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

26. This Cause of Action is brought by Plaintiff against Defendant City of Monroe and Defendant City of Middletown, their agents, servants, employees, or other representatives, in hiring and failing to properly train Defendants Myers, Line, and Winters.

27. As a direct and proximate result of the above-described carelessness and negligence of Defendants City of Monroe and City of Middletown, Plaintiff sustained severe physical injuries, causing him great bodily pain and mental anguish, and incurred substantial medical and other expenses.

**Seventh Cause of Action**

28. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

29. This Cause of Action is brought by Plaintiff against Defendant Monroe Police Department and Defendant Middletown Police Department for the negligent conduct of their agents, servants, or employees, Defendants Myers, Line, and Winters, including Defendants Myers, Line, and Winters' excessive and unnecessary use of force.

30. As a direct and proximate result of the negligence of Defendants Myers, Line, and Winters, while an agent, servant, or employee of Defendants Monroe Police Department and Middletown Police Department, Plaintiff sustained severe physical injury, causing him great bodily pain and mental anguish, incurred substantial medical and other expenses.

**Eighth Cause of Action**

31. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

32. This Cause of Action is brought by Plaintiff against Defendant City of Monroe and Defendant City of Middletown for the negligent conduct of their agents, servants, or

employees, Defendants Myers, Line, and Winters, including Defendants Myers, Line, and Winters' excessive and unnecessary use of force.

33. As a direct and proximate result of the negligence of Defendants Myers, Line, and Winters, while an agent, servant, or employee of Defendants City of Monroe and City of Middletown, Plaintiff sustained severe physical injury, causing him great bodily pain and mental anguish, incurred substantial medical and other expenses.

### Ninth Cause of Action

34. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

35. This Cause of Action is being brought by Plaintiff against Defendants Middletown Police Department and Monroe Police Department for the grossly negligent and reckless conduct of its agents, servants, or employees, Defendants Myers, Line, and Winters.

36. As a direct and proximate result of the gross negligence and recklessness of Defendants Middletown Police Department and Monroe Police Department, Plaintiff sustained severe physical injury, causing great bodily pain and mental anguish and incurring substantial medical and other expenses.

### Tenth Cause of Action

37. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

38. This Cause of Action is being brought by Plaintiff against Defendants City of Middletown and City of Monroe for the grossly negligent and reckless conduct of its agents, servants, or employees, Defendants Myers, Line, and Winters.

39. As a direct and proximate result of the gross negligence and recklessness of Defendants City of Monroe and City of Middletown, Plaintiff sustained severe physical injury, causing great bodily pain and mental anguish and incurring substantial medical and other expenses.

### Eleventh Cause of Action

40. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

41. This Cause of Action is brought by Plaintiff against Defendants Middletown Police Department and Monroe Police Department for deprivation by its agents, servants, or employees, Defendants Myers, Line, and Winters, of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

42. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Myers, Line, and Winters, while an agent, servant or employee of Defendants Middletown Police Department and Monroe Police Department, subjected Plaintiff to a deprivation of rights and privileges secured to the Plaintiff by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to the United States Constitution, within the meaning of 42 U.S.C.A. § 1983.

43. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Myers, Line, and Winters, while an agent, servant or employee of Defendants Middletown Police Department and Monroe Police Department, Plaintiff sustained severe physical injury, causing great bodily pain and mental anguish and incurring substantial medical and other expenses.

**Twelfth Cause of Action**

44. Plaintiff repeats and re-alleges paragraphs 1-11 of the First Cause of Action, as if fully restated in this Cause of Action.

45. This Cause of Action is brought by Plaintiff against Defendants City of Monroe and City of Middletown for deprivation by its agents, servants, or employees, Defendants Myers, Line, and Winters, of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

46. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Myers, Line, and Winters, while an agent, servant or employee of Defendants City of Monroe and City of Middletown, subjected Plaintiff to a deprivation of rights and privileges secured to the Plaintiff by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to the United States Constitution, within the meaning of 42 U.S.C.A. § 1983.

47. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Myers, Line, and Winters, while an agent, servant or employee of Defendants City of Monroe and City of Middletown, Plaintiff sustained severe physical injury, causing great bodily pain and mental anguish and incurring substantial medical and other expenses.

**Conclusion**

48. Due notice under all applicable statutes has been given to Defendants

49. WHEREOF, Plaintiff requests:
    a. Judgment against the Defendants in excess of $75,000.
    b. Costs of suit, including attorney fees; and
    c. Such other and further relief as the court deems just and proper.

  Respectfully Submitted,

/s/ Robert S. Fischer
_____
Robert S. Fischer (0071640)
Brian R. Hester (0079752)
Attorneys for Plaintiff
SAMS, FISCHER, PACKARD &
SCHUESSLER, L.L.C.
8738 Union Centre Boulevard
West Chester, Ohio 45069
(513) 860-4747

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of this Complaint was served on each of the above-named Defendants at the addresses of the attorneys of record for Defendants, who have already appeared in response to the original complaint, with a Notice of Lawsuit and Waiver of Service of Summons under Fed.R.Civ..P. 4(d).  In the event that waiver of service of process is unsuccessful, the undersigned shall serve a copy of this Complaint to the named Defendants in a manner permitted under Fed.R.Civ.P. 4.

_____
Robert S. Fischer