**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| DAVID ANDERS, | : | CASE NO. 1:06CV083 |
| Plaintiff, | : | JUDGE SPIEGEL |
| v. | : | |
| PATROLMAN GREGORY MEYERS, et al., | : | **ANSWER OF DEFENDANTS PATROLMAN STEVE WINTERS,** |
| | : | **THE CITY OF MIDDLETOWN, AND** |
| Defendants. | | **THE MIDDLETOWN POLICE** |
| | : | **DEPARTMENT TO PLAINTIFF'S** |
| | | **AMENDED COMPLAINT; JURY** |
| | : | **DEMAND ENDORSED HEREON** |

Now come Defendants Patrolman Steve Winters, the City of Middletown, and the Middletown Police Department ("Defendants"), by counsel, and for their Answer to Plaintiff's Amended Complaint, provide as follows:

**FIRST DEFENSE**

1. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint, and therefore deny said allegations.

2. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, and therefore deny said allegations.

3. Admit that Steve Winters at all relevant times of this action was acting under the scope of his employment as a police officer employed by the City of Middletown, Ohio. Defendants further admit that Steve Winters was acting under color of law and that he is a resident of Ohio. All other allegations contained in paragraph 3 of the Amended Complaint are denied.

4. Deny.

5. Deny.

6. Defendants deny the allegation that Steve Winters arrested Plaintiff. All other allegations contained in paragraph 6 of the Amended Complaint are admitted.

7.     Deny.

8.     Deny.

9.     Admit that Plaintiff sustained a laceration requiring staples. All other allegations contained in paragraph 9 of the Complaint are denied.

10.    Deny.

11.    Deny.

12.    All allegations incorporated by reference into paragraph 12 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

13.    Deny.

14.    Deny.

15.    All allegations incorporated by reference into paragraph 15 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

16.    Deny.

17.    Deny.

18.    All allegations incorporated by reference into paragraph 18 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

19.    Deny.

20.    Deny.

21.    Deny.

22.    All allegations incorporated by reference into paragraph 22 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

23.    Deny.

24.    Deny.

25.     All allegations incorporated by reference into paragraph 25 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

26.     Deny.

27.     Deny.

28.     All allegations incorporated by reference into paragraph 28 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

29.     Deny.

30.     Deny.

31.     All allegations incorporated by reference into paragraph 31 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

32.     Deny.

33.     Deny.

34.     All allegations incorporated by reference into paragraph 34 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

35.     Deny.

36.     Deny.

37.     All allegations incorporated by reference into paragraph 37 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

38.     Deny.

39.     Deny.

40.     All allegations incorporated by reference into paragraph 40 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

41.     Deny.

42.     Deny.

43.     Deny.

44.     All allegations incorporated by reference into paragraph 44 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

45.     Deny.

46.     Deny.

47.     Deny.

48.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint, and therefore deny said allegations.

49.     Deny.

50.     All other allegations in the Amended Complaint not otherwise specifically admitted or denied herein are denied

## **ADDITIONAL DEFENSES**

1.      Defendant Middletown Police Department is not sui juris.

2.      Plaintiff has failed to state a claim upon which relief can be granted.

3       Plaintiff's claims are barred by the doctrine of sovereign immunity.

4       Plaintiff's claims are barred by the provisions of O.R.C. §§ 2744.01 et seq.

5       Plaintiff has failed to mitigate his damages as required by law.

6       Plaintiff's claims are precluded by virtue of the absolute, qualified, and statutory immunity granted to Defendants by law, including but not limited to good faith immunity, and/or the immunity provided by O.R.C. Chapter 2744.

7       At no time did any actions of Defendants or anyone acting on behalf of Defendants rise to the level of a constitutional deprivation.

8       At all times Defendants acted in good faith, reasonably, and lawfully.

9.      Plaintiff has suffered no compensable damages as a result of the actions of Defendants.

10.     All actions taken by Defendants were in compliance with all laws, were privileged, and absolutely privileged.

11.     If in fact Defendants performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposefully, intentionally, recklessly, willfully, wantonly, or in bad faith.

12.     If Plaintiff was injured or damaged, any and all injury or damage was as a proximate result of circumstances beyond the control Defendants.

13.     If Plaintiff was injured or damaged, any and all such injury or damage was as a proximate result of the acts and/or omissions of persons and/or entities not under the control of Defendants.

14.     If Plaintiff was injured or damaged, any and all such injury or damage was not foreseeable by these answering Defendants.

15.     At all times Defendants acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio statutory provisions, and all state and local laws relative thereto.

16.     Defendants do not maintain an unconstitutional custom, policy, or practice.

17.     Defendants specifically deny negligence on their part, but state that if they were negligent, the negligence of Plaintiff was greater than their negligence, thereby barring any recovery by Plaintiff.

18.     Defendants specifically deny negligence on their part but state that if they were negligent, the negligence of Plaintiff contributed to cause the alleged injuries and damages, thereby proportionately reducing any recovery by Plaintiff.

19.     Plaintiff's claims are barred by the applicable statutes of limitation.

        WHEREFORE, Defendants request that this Court dismiss Plaintiff's Amended Complaint with an Order that Defendants' attorney fees and costs be paid as provided under applicable law.

Respectfully submitted,


s/Michael F. Arnold
Jeffrey C. Turner, Bar Number: 0063154
Boyd W. Gentry, Bar Number:  0071057
Michael F. Arnold, Bar Number: 0076777
Trial Attorneys for Defendants Patrolman Steve
Winter, the City of Middletown, and Middletown
Police Department
Kettering Tower, Suite 1610
40 N. Main Street
Dayton, Ohio  45423
Tel. (937) 222-2333
Fax  (937) 222-1970
jturner@sdtlawyers.com
bgentry@sdtlawyers.com
marnold@sdtlawyers.com


Of-counsel:
SURDYK, DOWD & TURNER CO., L.P.A.
Kettering Tower, Suite 1610
40 N. Main Street
Dayton, Ohio  45423
Tel. (937) 222-2333
Fax  (937) 222-1970


Of Counsel:
Leslie S. Landen, Bar Number: 0017064
One Donham Plaza
Middletown, Ohio 45042
Tel.: (513) 425-7714
Fax: (513) 425-7780


## JURY DEMAND

Defendants hereby demand a trial by jury.


s/Michael F. Arnold
Michael F. Arnold, Bar Number: 0076777

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2006, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants counsel.

<u>s/Michael F. Arnold</u>
Jeffrey C. Turner, Bar Number: 0076777